IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| EDWARD S. DONNELLY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND** |
| UNITED PARCEL SERVICE, INC. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, to correct unlawful employment practices on the basis of disability and to award damages and provide other appropriate relief to Plaintiff EDWARD DONNELLY. Defendant UNITED PARCEL SERVICE, INC. discriminated against Plaintiff, who has a recognized disability, when it discharged and refused to employ Plaintiff and provide Plaintiff with a reasonable accommodation such a reasonable time to work as a "Preloader", or an alternative job position, even though such accommodations were provided to other employees similar in their ability or inability to work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.

2. The employment practices alleged to be unlawful or justiciable were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

**PARTIES**

3. Plaintiff is a Florida resident, over the age of eighteen (18) who resides in Lakeland, Florida.

4. At all relevant times, Defendant has continuously been doing business in the State of Florida and the Lakeland, Florida, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

8. More than thirty days prior to the institution of this lawsuit, Plaintiff, filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging a violation of the ADA by Defendant.

9. On May 7, 2021, the EEOC issued a notice that it made no determination regarding the charge filed by Plaintiff and issued a notice of suit rights to be sent to Plaintiff.

10. However, Plaintiff did not receive the notice from the EEOC until June 24, 2021.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Defendant is a worldwide package delivery company and global provider of specialized transportation and logistics services. Among its various business locations and transportation facilities in Florida, Defendant operates a "UPS Customer Center" and package distribution facility at 220 Complex Drive, Lakeland, Florida 33801.

13. On or about July 18, 2018, Plaintiff, applied for a job with Defendant as a "Preloader", a job position that required such an employee to lift, lower, or carry packages for further processing and shipment at the UPS Customer Center in Lakeland, Florida.

14. At the time that he submitted his application for employment with Defendant, Plaintiff fully disclosed to Defendant that he had a disability, cerebral palsy.

15. On July 24, 2018, Plaintiff participated in an interview for the Preloader job with Defendant. The interview was conducted by Defendant's local manager, UPS Customer Center Manager, Thomas Bosso.

16.     During the interview with Thomas Bosso, Plaintiff fully disclosed his disability to Thomas Bosso and explained that he may need reasonable accommodation to perform the essential functions of a Preloader.

17.     During the interview with Thomas Bosso, Plaintiff's physical disability or cerebral palsy, was apparent, clear, and undeniable.  Further, during the interview Thomas Bosso, as Manager for the UPS Customer Center in Lakeland, told Plaintiff that he recognized Plaintiff's disability, understood Plaintiff's request and Thomas Bosso agreed to authorize Plaintiff to be afforded the reasonable accommodation in the workplace for his disability.

18.     Defendant hired Plaintiff and he began work for Defendant on July 25, 2018.

19.     When Plaintiff reported for work with Defendant, Plaintiff was assigned a part-time job to unload truck trailers that contained packages and load packages into local delivery trailers.

20.     Beginning on July 25, 2018, and continuing daily until through Plaintiff's last shift of work, Defendant's employee, Edgar Aponte, the first line supervisor for Defendant charged to oversee and supervise Plaintiff, began and continued to harass and discriminate against Plaintiff because of Plaintiff's disability.

21.     Repeatedly, Edgar Aponte berated Plaintiff because of Plaintiff's disability and Edgar Aponte continuously made unwarranted complaints to upper management about Plaintiff.  These complaints were submitted to the UPS Customer Center Manager, Thomas Bosso.

22. In fact, Edgar Aponte, admitted and acknowledged his disdain for Plaintiff, and stated that Plaintiff should never have been hired by Defendant. Edgar Aponte then contacted upper management to have Plaintiff discharged or removed from job.

23. On or about August 30, 2018, Thomas Bosso notified Plaintiff that he had received complaints from Edgar Aponte, and then Thomas Bosso stated that Plaintiff was required to apply to Defendant for reasonable accommodation due to Plaintiff's disability.

24. So, on August 30, 2018, Plaintiff submitted a formal application to Defendant to request reasonable accommodation, to include reduction in the number of packages or weight of packages that Defendant should be required to lift, lower, or carry, due to his disability.

25. Plaintiff also submitted a request for reasonable accommodation to include placement in another job position with Defendant where his physical disability might better be accommodated.

26. Defendant requested that Plaintiff provide medical information or analysis from a medical doctor in order to evaluate Plaintiff's request for reasonable accommodation under the ADA.

27. By September 17, 2018, Plaintiff provided to Defendant a medical doctor's analysis and opinion of Plaintiff's condition and statement that Plaintiff could perform the essential functions of his job as a Preloader, but that he needed some accommodation to allow him to load at a "slower pace".

28. On October 1, 2018, Defendant's representatives. Osiris Sanchez, from its Human Resources Section and its Occupational Health Supervisor, Sharon Klinger (RN, BSN, CCM)

conducted a conference with Plaintiff regarding his disability and request for reasonable accommodation in the workplace.

29. On October 31, 2018, Sharon Klinger, the Occupational Health Supervisor for Defendant, sent a letter to Plaintiff and she directed Plaintiff to obtain from his medical doctor a further statement, and she specifically directed:

> …Kindly have your doctor explain what a slower pace means and whether you can meet the grasping functions of your job. Please proved that information to the HRSC as soon as possible, but no later than November 14, 2018, so that you ADA accommodation request can be further considered. If we do not receive any additional information from your doctor by November 14, 2018, we will have to close out your accommodation case. …

30. By November 5, 2018, Plaintiff's physician explained the details of what he previously meant by "slower pace" to state that "…Pt [Patient] may do all the job requirements. He just works a little slower. He needs a few extra minutes to grasp and transport packages. He has full ability to grasp and move packages. …". This explanation was submitted to Defendant before the deadline of November 14, 2018.

31. Instead of proceeding to further evaluate Plaintiff's condition and disability and instead of providing him reasonable accommodation, or another job condition, and instead of even further discussing Plaintiff's disability with him, Defendant simply ignored Plaintiff and refused to allow him to return to work, essentially discharging Plaintiff.

32. Throughout the remainder of 2018 and up till June 17, 2019, Plaintiff continued to contact Defendant to request reasonable accommodation under the ADA or to request placement in a job position that would better accommodate his disability.

33. During this nearly 8-month period, Defendant, through its Florida District Area Human Resources Manager, Osiris Sanchez, continued to state to Plaintiff that Defendant was attempting to evaluate Plaintiff's disability and to find a job position where Defendant "can be accommodated".

34. In fact, on March 22, 2019, Osiris Sanchez, claimed that one of the reasons that Defendant could not place Plaintiff in a job position was because "…we are not hiring as we have been in a hiring freeze for 3 weeks and it is still on going …. I am looking for a position for you. …"

35. Then, on June 17, 2019, Osiris Sanchez informed Plaintiff, "…The restrictions of you needing several minutes per package, per the medical documentation is what is holding you up. I do not have a position that can fulfill that requirement. You need to call the HSRC and get your restrictions updated. The only positions we are hiring for are preloaders. …"

36. When it became clear that Defendant was not going to reinstate Plaintiff or provide reasonable accommodation to Plaintiff, he proceeded to file his request for relief with the U.S. Equal Employment Opportunity Commission (EEOC).

## STATEMENT OF ADA CLAIMS

37. Since at least August 25, 2018, Defendant, through its employees, has engaged in unlawful employment practices at its UPS Customer Service Center in Lakeland Florida, in violation of Sections 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5) by failing to provide Plaintiff with a reasonable accommodation and by harassing Plaintiff and subsequently discharging or refusing to employ Plaintiff.

38.     Plaintiff was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Plaintiff has a recognized disability of cerebral palsy.

39.     The effect of Defendant's actions complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

40.     The unlawful employment practices complained of above were intentional.

41.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court: .

A.      Order Defendant to reinstate Plaintiff to employment with Defendant with all pay and benefits associated with the position of a Preloader that Plaintiff would have attained had he remained employed with Defendant, or to employ Plaintiff in a job position where he is capable of performing work for Defendant with reasonable accommodation.

B.      Order Defendant to make whole Plaintiff, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

C.  Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

D.  Order Defendant Employer to make whole Plaintiff by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, mental anguish, and inconvenience in amounts to be determined at trial.

E.  Order Defendant to pay Plaintiff punitive damages for Defendant's malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award Plaintiff all appropriate and legally compensable costs and attorney's fees pursuant to 42 U.S.C. §§ 12205 and other applicable law.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Dated this 5th day of August 2021.

/s/Dennis Wells
Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
(407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Plaintiff
Edward S. Donnelly